IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBRA L. HARRIS, )<br>)<br>*Plaintiff*, )<br>v. )<br>)<br>CROWN CASTLE INTERNATIONAL )<br>CORPORATION, )<br>)<br>*Defendant*. )<br>) | Civil Action No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

AND NOW, comes the Plaintiff, Debra L. Harris, by and through her attorney, Joshua Smith, Esq. of Smith LLC, and alleges, on information and belief, as follows:

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over the instant action pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and, therefore, 28 U.S.C. § 1331(a).

2. Plaintiff has exhausted her administrative remedies prior to commencing this action. (*See* July 13, 2011 Notice of Right to Sue, issued by the United States Equal Employment Opportunity Commission ("EEOC") (annexed hereto as Exhibit A).)

3. Venue is proper under 28 U.S.C. § 1391(c).

### JURY TRIAL DEMAND

4. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a jury trial.

**PARTIES**

5. Plaintiff, Debra L. Harris, is an adult citizen of the United States of America. She presently resides at 467 Dawson Avenue, 2nd Floor, Pittsburgh, Pennsylvania 15202.

6. Defendant, Crown Castle International Corporation ("CCI"), is an entity organized and existing under the laws of the State of Delaware, with its principal facility located at 1220 Augusta Drive, Suite 500, Houston, Texas 77057. CCI also operates a facility located at 2000 Corporate Drive, Canonsburg, Pennsylvania 15317 (the "Canonsburg Facility").

7. At all times relevant to this action, Plaintiff was employed at the Canonsburg Facility.

8. Defendant at all times was acting through its agents, servants, and/or employees, including, but not limited to, Frank Deible, Tom Bone, Melissa Kimak, and Sandy Pierce.

9. Defendant is an "employer" within the meaning of the ADA.

**FACTUAL BACKGROUND**

10. Plaintiff was hired as a Property Tax Accountant on or around April 14, 2008.

11. Plaintiff has been diagnosed with, and suffers from, Generalized Anxiety Disorder ("GAD"), a psychiatric condition for which she receives ongoing medical care and treatment.

12. Defendant maintained in Plaintiff's personnel file certain confidential medical records reflecting her aforementioned condition, as well as her prescribed course of treatment.

13. Until August 2010, Plaintiff resided at 3169 Shelley Drive, South Park Township, Pennsylvania 15129.

14. Plaintiff's neighbors on Shelley Drive included Miles Matty and his girlfriend, Carol Ann Garcia, both of whom lived next door to Plaintiff.

15. Matty's sister is Melissa Kimak, a Payroll Supervisor at CCI's Canonsburg Facility.

16. In or around January 2010, Garcia informed Plaintiff that Matty had, several months earlier (on or around August 11, 2009), received an e-mail from Kimak.

17. The e-mail was sent from melissa.kimak@crowncastle.com, Kimak's work e-mail address.

18. In the e-mail, Kimak launched a malicious attack on Plaintiff, which included calling Plaintiff a "whack job."

19. Kimak knew of Plaintiff's medical condition because she had previously accessed Plaintiff's personnel file.

20. Kimak's use of the phrase "whack job" to describe Plaintiff was specifically intended to inform Matty of Plaintiff's psychiatric condition, and constituted an unlawful disclosure of Plaintiff's confidential medical information under the ADA.

21. Plaintiff was absolutely devastated upon learning not only that her privacy had been violated in such an intentional and vicious manner, but much more importantly, that her next-door neighbors now knew about the most private aspect of her medical history. Plaintiff was so embarrassed and distressed by this that she eventually had to move to another community entirely.

22. Plaintiff also complained to her supervisors at CCI about what had occurred.

23. As a result of Plaintiff's reporting of the aforementioned unlawful conduct, Defendant engaged in a series of discriminatory and retaliatory actions against Plaintiff.

24. These discriminatory and retaliatory actions ultimately resulted in the termination of Plaintiff's employment.

## COUNT I

### AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12101 *et seq.* (VIOLATION OF CONFIDENTIALITY PROVISIONS)

25. Plaintiff incorporates by reference all allegations contained in Paragraphs 1 through 24 inclusive, as though they were set forth more fully at length herein.

26. Defendant violated the ADA by unlawfully disclosing Plaintiff's confidential medical information to third parties without proper cause and/or authorization to do so.

27. As a direct and proximate result of Defendant's actions toward Plaintiff, as described herein, Plaintiff has suffered, and will continue to suffer, severe emotional distress, anxiety, depression, and other consequential damages.

28. The actions taken by Defendant, as described herein, were willful, deliberate, intentional, and outrageous, and were performed with an extreme indifference to the rights of Plaintiff such that an award of punitive damages is warranted.

## COUNT II

### AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12101 *et seq.* (RETALIATION FOR COMPLAINING OF UNLAWFUL ACTION)

29. Plaintiff incorporates by reference all allegations contained in Paragraphs 1 through 28 inclusive, as though they were set forth more fully at length herein.

30. As a result of Plaintiff's complaining of unlawful conduct by Defendant and any and all subsequent actions taken by Plaintiff in furtherance of her rights under federal law (including, but not limited to, filing charges of discrimination with the EEOC), Defendant intentionally retaliated against Plaintiff by subjecting her to a pattern of differential and highly unfavorable treatment vis-à-vis other, similarly situated employees.

31. Defendant's retaliatory conduct toward Plaintiff violated the ADA.

32. As a direct and proximate result of Defendant's actions, Plaintiff has suffered, and will continue to suffer, severe emotional distress, anxiety, depression and other consequential damages.

33. The actions taken by defendant were willful, deliberate, intentional, and outrageous, and were performed with an extreme indifference to the rights of Plaintiff such that an award of punitive damages is warranted.

## RELIEF REQUESTED

WHEREFORE, Plaintiff requests judgment in her favor and against Defendant, and an award granting her relief including, but not necessarily limited to, the following:

(a) compensatory and punitive damages;

(b) any equitable remedy that the Court considers appropriate under the circumstances, including, without limitation, reinstatement of Plaintiff's employment;

(c) costs, disbursements, and reasonable attorney's fees, and

(d) any other and further relief that the Court deems just and proper.

Respectfully submitted,

s/ Joshua Smith, Esq.
_____
Joshua Smith, Esq.  (Pa. I.D. # 207585)
Smith LLC
2910 Voelkel Avenue, Suite 1
Pittsburgh, Pennsylvania 15216
1 (888) 976-4849 (main)
1 (888) 976-4849 (facsimile)
Smith@smith-llc.net

*Attorney for Plaintiff*

Dated: October 11, 2011