IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DEBRA L. HARRIS,            )
                            )
        Plaintiff,          )
                            )
    v.                      )    Civil Action No. 11-1302
                            )
CROWN CASTLE INTERNATIONAL  )
CORPORTION,                 )
                            )
        Defendant.          )

REPORT & RECOMMENDATION

I. Recommendation

Presently before the court is defendant's, Crown Castle International Corporation's ("Crown") motion to dismiss plaintiff's, Debra Harris's ("Harris"), complaint for failure to comply with court orders and deadlines (Doc. # 11). For the reasons that follow, it is respectfully recommended that the motion be granted.

I. Report

   A. Factual and Procedural History

On October 10, 2011, Harris filed a two count complaint against Crown alleging a violation of the confidentiality provision of the Americans with Disabilities Act ("ADA") and unlawful retaliation under the Act (Doc. #1). On December 19, 2011, Crown filed an answer to the complaint and

1

consented to the jurisdiction of this court (Doc. ## 2, 4).

On December 21, 2011, a Case Management Order was filed setting the date and time for an Initial Local Rule 16.1 Scheduling Conference, and establishing filing deadlines for the Rule 26(f) Meeting Report, Stipulation Selecting ADR Process, and plaintiff's indication of her willingness to consent to this court's jurisdiction (Doc. #5). On January 18, 2012, the Rule 26(f) Report and ADR Process Stipulation were filed (Doc. ## 7, 8).

On January 25, 2012, the court conducted the initial conference as scheduled. Crown's counsel was present, however, Harris's counsel did not appear and a telephone call to determine his whereabouts was unavailing. A minute entry was filed at the conclusion of the conference that referred the case to mediation, set a discovery deadline, and scheduled the matter for a status conference. In addition, another due date was established for Harris to indicate her consent to this court's jurisdiction (Doc. # 9). The court also entered an order referring the case to mediation (Doc. # 10). Following the conference, a court personnel placed another telephone call to plaintiff's counsel, but was again unable to reach him.

On February 21, 2012, Crown filed a motion to dismiss for plaintiff's failure to comply with court orders and deadlines (Doc. #11). In addition to reciting Harris's non-

compliance with this court's orders and her failure to attend the initial conference, Crown related that its attempts to reach Harris to schedule the mediation were ignored, Mot. ¶ 6, Ex. 3, Harris failed to serve her initial disclosures, Mot. ¶ 7, and did not respond to Crown's January 10, 2012 request for production of documents. Id. at ¶ 9. On February 15, 2012, Crown sent a letter to Harris attempting to determine the status of her responses before seeking court intervention as per Fed. R. Civ. P. 37(a)(1). Id. at ¶ 9, Ex. 4. The letter followed up on a previous communication wherein Crown indicated that responses to its production of documents request were needed for Harris's deposition scheduled for February 24, 2012. With no response forthcoming, Crown cancelled Harris's deposition. Mot. ¶ 10.

Based upon Harris's failure to respond to Crown's discovery requests and to its efforts to schedule a mediation, Crown filed this motion to dismiss. Crown further requested that it be awarded reasonable expenses incurred in connection with preparing the motion, including attorney's fees.

After Crown filed its motion to dismiss, the court entered a briefing order directing Harris to respond to the motion by March 15, 2012 (Doc. # 13). To date, Harris has not filed an opposition.

B. <u>Discussion</u>

3

In the brief accompanying its motion, Crown urges that Harris's complaint be dismissed under Fed. R Civ. P. 37 (d)(1)(A)(ii) for willful failure to respond to its request for production of documents and disregard of this court's orders. The relevant paragraphs of Rule 37 (d) read:

> **(d) Party's Failure to Attend Its Own Deposition, Serve Answers to Interrogatories, or Respond to a Request for Inspection.**
>
> (1) In General.
>
> (A) Motion; Grounds for Sanctions. The court where the action is pending may, on motion, order sanctions if:
>
> * * *
>
> (ii) a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response.
>
> * * *
>
> (3) Types of Sanctions. Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37 (d)(1)(A)(ii), (d)(3). One of the sanctions available under Rule 37(b)(2) is a "dismiss[al] of the action or

proceeding in whole or in part." Fed. R. Civ. P. 37 (b) (2) (A) (v). Rule 37 (b)(2) also provides that:

> Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37 (b) (2) (C).

The recognized analysis for a Rule 37(b)(2) dismissal is set forth in <u>Poulis v. State Farm Fire and Casualty Company</u>, 747 F.2d 863 (3d Cir. 1984). <u>Hoffman v. Allentown State Hospital</u>, CIV. A. No. 88-6161, 1989 WL 126284, at *1 (E.D. Pa. October 16, 1989). As identified by the Court of Appeals for the Third Circuit, the <u>Poulis</u> factors to be considered are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

<u>Id</u>. at 868. No single factor is dispositive, <u>Briscoe v. Klaus</u>, 538 F.3d 252, 263 (3d Cir. 2008), nor must each factor be satisfied for the court to dismiss an action. <u>Ware v. Rodale Press, Inc.</u>, 322 F.3d 218, 221 (3d Cir. 2003).

5

The first Poulis factor requires the court to examine the extent of Harris's personal responsibility for the failure to appear, comply with court orders, and respond to discovery requests. Crown presents no evidence and makes no allegation that Harris personally disregarded her obligations related to litigation of her claims. Therefore, this factor does not weigh in favor of dismissal. However, Plaintiff's "'lack of responsibility for their counsel's dilatory conduct is not dispositive, because a client cannot always avoid the consequences of the acts or omissions of its counsel.'" Sheppard v. Glock, Inc., 176 F.R.D. 471, 473 (E.D.Pa.1997) (quoting Poulis, 747 F.2d at 868). Thus, this factor weighs only somewhat against dismissal.

The second Poulis factor is prejudice to the adversary. Evidence of prejudice "bear[s] substantial weight in support of a dismissal or default judgment." Scarborough v. Eubanks, 747 F.2d 871, 876 (3d Cir. 1984); Briscoe 538 F.3d at 259 (citation omitted). Evidence of prejudice includes "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." Id. Prejudice need not be "irremediable harm that [can] not be alleviated" by court action. Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund, 29 F.3d 863, 874 (3d Cir. 1994)

6

(quotation omitted).  A plaintiff's conduct will be considered prejudicial to a defendant when it connotes a "lack of cooperation . . . in areas where the plaintiff should cooperate under the spirit of the federal procedural rules."  Poulis, 747 F.2d at 868 (citation omitted).  Additionally, a plaintiff's inaction will constitute prejudice as a defendant cannot properly defend an action a plaintiff does not prosecute. Taliaferro v. Darby Township Zoning Board, Civil Action No. 03-3554, 2008 WL 2845312, at *2, n. 2 (E.D.Pa. July 22, 2008).

Harris's failure to respond to Crown's discovery requests has prejudiced defendant.  Crown cancelled Harris's deposition because it could not adequately prepare for the proceeding without her initial disclosures or responses to its request for production of documents.  Without these disclosures, Crown has been unable to defend this case.  Additionally, Harris's no-show at the scheduled conference, lack of cooperation in scheduling a mediation, and disregard of this court's directives regarding consent, demonstrate non-compliance with the spirit of our procedural rules.  This factor weighs strongly in favor of dismissal.

Concerning the history of dilatoriness, Harris has not made any effort to move this case forward.  As noted, court orders and a scheduled conference have been ignored, communications from opposing counsel have gone unheeded,

7

discovery requests receive no response, and this motion remains unanswered. This is more than sufficient to indicate that Harris does not intend to proceed with this case in a timely fashion. This factor likewise weighs forcefully in favor of dismissal.

The willfulness or bad faith conduct of plaintiff's attorney, the fourth factor, definitely weighs in favor of dismissal. Counsel has not offered any justification for his failure to follow court orders or respond to defendant's discovery requests nor has he requested an extension of time to fulfill these obligations.

The fifth Poulis factor requires courts to evaluate whether a sanction other than dismissal would be effective. While dismissal is a severe sanction, see Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992), because Harris has not responded to either the court or defendant, it is not clear that any sanction other than dismissal will properly redress her refusal to comply.

The final factor to be considered is the meritoriousness of Harris's claims. A claim is considered meritorious for purposes of dismissal when the allegations contained in the pleadings, if established at trial, would support recovery by the plaintiff. Poulis, 747 F.2d at 869-70. The court must evaluate "the meritoriousness of the claim[s] . .

. on the basis of the facial validity of the pleadings, and not on summary judgment standards." Scarborough, 747 F.2d at 875.

Harris has alleged that Crown unlawfully disclosed her confidential medical information to third parties without cause or authorization in violation of the confidentiality provisions of the ADA and again violated that statute when it retaliated against her after she complained of this conduct. Crown argues that it has raised affirmative defenses to Harris's allegations that would preclude her from recovering on her claim. Given the lack of discovery in this case, the Court is unable to evaluate either the merits of Harris's claims or Crown's defenses to her allegations. Thus, this factor is neutral.

In sum, four of the six Poulis factors weigh strongly in favor of dismissal as the appropriate sanction. Of the other factors, one, Harris's personal responsibility, weighs slightly against, and factor six is neutral. As a balance of these factors support dismissal, it is respectfully recommended that the motion to dismiss be granted with prejudice.

It is further recommended that the request for attorney's fees be denied.

C. Conclusion

For the reasons set out in this Report and Recommendation, it is respectfully recommended that Crown's motion be granted and plaintiff's case be dismissed with

prejudice.

Within the time limits set forth in the attached notice of electronic filing, any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of the objections to respond thereto. Failure to file timely objections may constitute waiver of any appellate rights.

Dated: May 7, 2012               Respectfully submitted,

                                 s/Robert C. Mitchell
                                 Robert C. Mitchell
                                 United States Magistrate Judge